UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIECZYSLAW NIETUPSKI,<br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>           Defendant. | No. 3:20-cv-410 (SRU) |

# ORDER

Mieczyslaw Nietupski is a 72-year-old individual from Poland who has been a lawful permanent resident in the United States since April 22, 2006.  In December 2018, Nietupski submitted an application for naturalization (Form N-400) to the United States Citizenship and Immigration Services ("USCIS").  Nietupski's son, Karol, helped Nietupski complete the application because Nietupski apparently does not speak, write, or read English well.  The USCIS denied Nietupski's application, and the USCIS also upheld that denial on appeal.  Thus, Nietupski filed this case in March 2020.  The USCIS has moved for summary judgment.

To become a naturalized citizen of the United States, an individual normally must demonstrate an understanding of the English language and a knowledge and understanding of the United States' history and government.  *See* 8 U.S.C. § 1423(a).  Applicants may be exempted from those requirements if they are "unable because of physical or developmental disability or mental impairment to comply" with those requirements.  *Id.* § 1423(b)(1).  Before the USCIS, Nietupski attempted to avoid the requirements of section 1423(a) based on his asserted disabilities of anxiety, depression, and a severe intellectual disability.  Nietupski filed several forms completed by doctors (Forms N-648) that purportedly attested to those disabilities.  The USCIS rejected each of those attempts because the Forms N-648 omitted vital information and

were inconsistent, and so the USCIS had credible doubts regarding the information provided. For substantially the reasons set forth in the government's brief supporting its motion for summary judgment, doc. no. 23-1, I agree that no genuine issue of material fact exists regarding whether Nietupski carried his burden of establishing that he had a disability or mental impairment that would excuse him from the requirements of section 1423(a): He did not. Thus, I grant the government's motion for summary judgment, doc. no. 23, and direct the Clerk to enter judgment for the defendant and to close this case.

*   *   *

*However*, I want to make Nietupski aware that, in my view, if he submits a renewed naturalization application (Form N-400), he will be exempted from the English language requirement.[1]  That is because a disability exemption is not the *only* exemption available: The English language requirement does not apply if the applicant is older than 55 and has been living in the United States for at least 15 years since becoming a lawful permanent resident.  *See* 8 U.S.C. § 1423(b)(2)(B); *see also* Gov't Br., Doc. No. 23-1, at 23.  Nietupski, who is 72 years old, became a lawful permanent resident on April 22, 2006.  Apparently, Nietupski spent 159 days outside the United States between then and when he filed his first naturalization application, in December 2018.  *See* Form N-400, Doc. No. 1, at 23.  Thus, by my calculation, on **September 28, 2021**, Nietupski will have spent a total of 15 years in the United States after having become a lawful permanent resident.  (My calculation assumes that Nietupski has not spent any further

---

[1]   In the government's view, Nietupski would be exempted from both the English language *and* civics requirements.  *See* Gov't Br., Doc. No. 23-1, at 23.  But that appears incorrect.  An individual older than 55 who has spent at least 15 years in the United States after becoming a lawful permanent resident is exempted from "[t]he requirement of *subsection (a)(1)*."  8 U.S.C. § 1423(b)(2)(B) (emphasis added).  Subsection (a)(1) regards the English language requirement.  *See id.* § 1423(a)(1).  Subsection (a)(2) regards the civics requirement.  *See id.* § 1423(a)(2).  By contrast, Nietupski will be unable to meet the standard for special consideration with respect to the civics requirement for another five years.  *See id.* § 1423(b)(3) (explaining that "special consideration . . . concerning the requirement of subsection (a)(2)" will be provided to individuals who are older than 65 and have lived in the United States for *at least 20 years* after becoming a lawful permanent resident).

time outside the United States since he filed his first application for naturalization, in December 2018.) If Nietupski reapplies for naturalization on September 28, 2021, then, he should be able to proceed without being subject to the English language requirement that he seeks to avoid.[2]

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] Although Nietupsky will apparently still be subject to the civics requirement, *see supra* n.1, he may well be able to complete that requirement by relying on his son as a translator. Further, Nietupsky certainly may seek to avoid the civics requirement altogether by submitting a new Form N-648 that adequately explains why his disabilities prevent him from meeting that requirement.